WHEELER v. WALTON & WHANN CO. (PENN MUT. LIFE INS. CO., Intervener).

(Circuit Court, D. Delaware. February 12, 1895.)

No. 165.

1. JURISDICTION—HOW OBTAINED.
    The mere filing of a bill in equity, and giving notice thereof, and of a motion for the appointment of a receiver, to the defendant, does not give jurisdiction of the parties or the subject-matter, but service of process is essential. Therefore, held, that a judgment entered in a state court after the filing of a bill in a federal court, but before the service of process and appointment of receivers, was a valid and existing lien prior to such appointment, and that the receiver's possession of the insolvent's property is subject thereto.

2. EXECUTION—WHEN LEVIED ON PROPERTY IN RECEIVERS' HANDS.
    On June 5th a bill praying for the appointment of receivers of the W. Co. was filed in a federal court, and a copy thereof and notice of a motion for the appointment of receivers were served on the W. Co. On the same day, and after these proceedings, a judgment against the W. Co. was entered in a state court, upon confession, in favor of the P. Co., upon a bond of the W. Co., secured by mortgage upon part of its property. On June 6th receivers of the W. Co. were appointed, and the subpoena in the suit was served upon it. Subsequently, by leave of the federal court, the P. Co. brought suit, in a state court, to foreclose the mortgage on the W. Co.'s property, which was duly sold, and the proceeds of sale applied on the mortgage judgment, leaving a balance unsatisfied. The P. Co. then petitioned the federal court for leave to levy an execution on the property of the W. Co. in the hands of the receivers. Held, that though, at the time of the entry of the judgment, the federal court had not acquired jurisdiction, and the receivers took the property subject to the lien of the judgment, permission would not be given to levy execution without proof of some urgent necessity for selling the property at once, instead of permitting the receivers to administer the estate, and distribute the proceeds, with due regard to priority of claims, among all the creditors.

3. RECEIVERS—PRIORITY OF CLAIMS—TAXES.
    Held, further, that the receivers would not be directed to refund to the Co. taxes on the mortgaged property, paid out of the proceeds of its

sale, since the taxes were a lien on the property superior to the mortgage, and the receivers, if they had sold the property, must have applied the proceeds to the payment of taxes before paying the P. Co.

W. C. Spruance and A. W. Spruance, for petitioner.

Bradford & Vandegrift, for receivers.

WALES, District Judge. This is a petition for authority to issue execution on a judgment which was obtained by the intervener against the defendant, by confession, in the superior court of Delaware, for New Castle county, prior to the appointment of the receivers. The facts in support of the application are these:

(1) On the 17th of June, 1893, the Walton & Whann Company executed their bond and mortgage to the petitioner to secure the payment of $40,000. By the terms of each of these instruments, the interest on the debt was payable semiannually, and the principal was made payable in annual installments, of $5,000 each, until the whole debt and interest should be paid. It was further provided that if, at any time, default should be made in the payment of any installment of principal or interest, or any part thereof, for the period of 30 days after the same should fall due, the whole of the principal debt and interest remaining unpaid should become due and payable, at the option of the petitioner.

(2) On the 5th of June, 1894, the bill of complainant, a stockholder of the Walton & Whann Company, on behalf of himself and all other stockholders and creditors of the defendant company, was filed, stating the insolvency of the company before and at the time of the filing of the bill, and praying for the appointment of one or more receivers to take charge of and administer the estate of the insolvent corporation. The bill was founded on a statute of the state of Delaware, which provides that:

"When a corporation shall be insolvent, the chancellor, on the application and for the benefit of any creditor or stockholder thereof, may, at any time, in his discretion, appoint one or more persons to be receivers of and for such corporation, to take charge of the estate, effects, business and affairs thereof, and to collect the outstanding debts, claims, and property due and belonging to the company, with power to prosecute and defend." Rev. St. Del. 1893, p. 584.

(3) On the 6th of June, 1894, the court made an order, in limine, for the appointment of the receivers, who were duly qualified on the 8th of June, 1894, by each giving a bond, with surety, in the sum of $100,000.

(4) After the appointment of the receivers, the defendant company having defaulted in the payment of the semiannual interest and of the first annual installment of the principal, due on the 17th of June, 1894, the petitioner, with leave of this court, brought suit on the mortgage in the superior court of the state of Delaware for New Castle county, and recovered a judgment, on which the mortgaged premises were sold by the sheriff of New Castle county, on December 4, 1894, for $40,000, and the proceeds of the sale were applied as follows: To costs, $929.98; to county taxes on the property sold, for the year 1894, $393.60; and the balance, $38,676.42, to the debt and interest on the mortgage judgment,—leaving a balance of

$3,636.90 still due and unpaid, with interest thereon from December 4, 1894.

(5) On the 5th day of June, 1894, the attorney of the petitioner, with actual knowledge of the filing of complainant's bill, and after the service on the defendant of a certified copy of the same, together with notice that a motion would be made on the next following day for the appointment of receivers, obtained a judgment, by confession, in the superior court of Delaware, for the debt secured by the bond.

(6) The subpoena was served on the defendant at 2 p. m. on the 6th of June, and subsequent to the appointment of the receivers.

The petitioner also asks that an order be made on the receivers to pay the county taxes which were due and payable by them prior to the proceedings instituted on the mortgage.

The granting of authority to issue execution is opposed by the receivers, on the ground that this court had acquired jurisdiction of the parties and of the subject-matter of the controversy by the filing of the complainant's bill and service of notice on the defendant of the motion for the appointment of receivers, before the entry of the judgment of June 5th, and that to permit the sale of the property, now in the custody of this court, would be an interference with its jurisdiction. It is undoubtedly the law that, where two courts have concurrent jurisdiction, the one which first obtains jurisdiction will retain it to the end, and will allow no interference by the other. This rule is reciprocal between the federal and state courts, and its observance has hitherto operated to prevent any serious conflict of jurisdiction between them.

The first inquiry, then, is, how and when did the jurisdiction of this court commence? The mere filing of a bill in equity does not give jurisdiction. Service of process is always requisite, and, until the subpoena has been served on the defendant, jurisdiction is not complete, either of the parties or of the property. The authorities cited by the receivers' counsel, when carefully examined, will show that in every case, except in those arising under special provisions of the bankrupt law of 1867, the filing of the bill and service of the subpoena were held to be essential prerequisites to jurisdiction. Union Trust Co. v. Rockford, etc., R. Co., 6 Biss. 197, Fed. Cas. No. 14,401; Platt v. Archer, 9 Blatchf. 559, Fed. Cas. No. 11,213; Belmont Nail Co. v. Columbia Iron & Steel Co., 46 Fed. 8. See, also, Wilmer v. Railroad Co., 2 Woods, 420, Fed. Cas. No. 17,775. Per Justice Bradley (2 Woods, 427):

"Service of process gives jurisdiction over the person. Seizure gives jurisdiction over the property; and until it is seized, no matter when the suit was commenced, the court does not have jurisdiction."

Here the seizure or custody of the receivers could not begin before the order was made for their appointment. High, Rec. 108. The filing of a bill, in the absence of statutory provisions, does not make a lis pendens. A suit in equity or at law does not become lis pendens until service of process. Benn. Lis Pendens, 95; Murray v. Ballou, 1 Johns. Ch. 566; County of Warren v. Marcy, 97 U. S. 106; 2 Pom. Eq.

Jur. tit. "Lis Pendens." In the present case, actual knowledge by the petitioner's attorney of the filing of the bill and notice to the defendant were not equivalent to the service of the subpoena, which might have been retained indefinitely, or the service finally countermanded, by the complainant. The judgment was entered in the interval between the filing of the bill and the service of the subpoena. The bond on which the judgment was obtained was executed nearly a year before the bill was filed, and at a time when the defendant was, or was supposed to be, solvent, and there is no intimation of fraud or collusion in the transaction. The knowledge that proceedings had been or would be taken for the appointment of receivers could not prevent the petitioner's attorney from protecting his client's interests in all lawful ways. The obligee in a bond with a warrant of attorney to confess judgment has the right to enter judgment at the latest moment. The bond was given for the purpose of affording the creditor the right of using the warrant at his option, and it often happens that he defers using the right until he learns that other parties are about to proceed against his debtor. There is nothing unusual in this. It is the common practice, and no exception can be taken to it where the bond has been given for a bona fide consideration. If this view of the law be correct, it follows that the judgment of June 5th was obtained before the jurisdiction of this court was complete, and that the receivers' possession of the insolvent estate is subject to the lien which was created at the precise time when the judgment was entered on the docket of the superior court, which was on the day before the appointment of the receivers, prior to the service of the subpoena, and before this court had acquired jurisdiction.

But it does not follow that a prior judgment creditor should be allowed under all circumstances to enforce the payment of his claim by the sale of the debtors' property when in the hands of a receiver. The court must look to the rights of all the creditors. If the property is sold by the receivers, it will be sold subject to the lien, or the judgment will be paid out of the fund in the receivers' hands. The petition does not show that there is any urgent necessity for a speedy sale by reason of a prospective depreciation in the value of the property, or that, for any other reason, the petitioner will be prejudiced by allowing the receivers to administer the estate, collect the assets, and distribute the fund, with due regard to priority of claims, among all the creditors, under the orders of the court; and until some satisfactory evidence to this effect shall be produced, either on reference to a master, or by an amendment to the petition, the authority to issue an execution will be withheld. The petitioner was permitted to sue on the mortgage for two reasons: First, it was a special lien on the property described in it; and, second, the property derived almost its entire value from the manufacturing plant, which had been closed with no prospect of being reopened, and consequently was daily diminishing in value for want of use.

The taxes for the year 1894 became a lien on the mortgaged property from the 1st day of March of the same year, and took precedence of all other liens, prior as well as subsequent to the date of the mort-

gage, and it was the official duty of the sheriff to pay the taxes out of the proceeds of the sale before applying any part thereof to the mortgage judgment. Rev. St. Del. 1893, p. 125. If the receivers had sold the property, they would have sold it subject to the mortgage and tax liens, or appropriated the purchase money in the same order as was done by the sheriff; so that, practically, the same result would have been reached in either case. The property was taken out of the possession of the receivers and of the custody of the circuit court by the proceedings in the state court, and the receivers were thus relieved from the burden of paying the tax lien. The order for the payment of the taxes to the petitioner is therefore refused.