## Curtis v. Warden.

(Decided June 21, 1911.)

## Appeal from Ohio Circuit Court.

1. Land—Action to Recover—Finding of Jury—Evidence.—In an action to recover land, evidence examined and held sufficient to support the finding of the jury.

2. Adverse Possession—Interference.—The actual occupancy by a junior patentee, or junior title-holder of that part of a tract of land which does not interfere with the elder grant, does not give him possession of the part within the interference, although the elder patentee or title-holder never actually entered upon any part of the land included in his patent.

GLENN & SIMMERMAN for appellant.

HEAVRIN & WOODWARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, C. T. Warden, brought this action against V. P. Curtis to recover a narrow, triangular shaped strip of land lying between their farms. Appellant denied appellee's title and pleaded title in himself, both by deed and adverse possession. On submission of the case the jury returned a verdict in favor of appellee. From the judgment based thereon this appeal is prosecuted.

It appears that both appellant and appellee claim title from a common source, and that appellee's title is the older. The only questions involved are the proper location of the true division line between the farms, and whether or not appellant sufficiently established his claim of adverse possession.

The evidence for appellee tended to show that the land was included within his deed, and that the division line was located as claimed by him. The only surveyor who testified in the case stated that he ran the lines from a copy of appellee's deed, and that the line claimed by appellee agreed with the calls, while the line claimed by appellant contradicted the calls. There was also evidence tending to show that, on the line claimed by appellee were marked trees, and that these marks were very old. For appellant it was shown that a fence had been constructed on the line claimed by him for about one-third of the way, and that upon the remainder there

were several marked trees. Appellee's evidence, however, is to the effect that the marks on these trees were not as old as those on the trees along the line claimed by appellee.

The question of where the true division line was, was properly submitted to the jury by the instructions given by the trial court, and, after a careful reading of the entire record, we are unable to say that the finding of the jury upon this question is flagrantly against the evidence.

It is insisted, however, that instruction 3, upon adverse possession, is erroneous in that it limited appellant's right to recover to so much of the land embraced in the lap as he had enclosed by fencing for more than fifteen years. In this connection it is argued that the evidence does not show that appellee had possession of the tract of land embraced in his deed. It is, therefore, insisted that appellant had the right to claim to a well-marked boundary within the interference, and, by doing this for a period of over fifteen years, could overcome the superior title of appellee. This, however, is not the law. The rule is, that the actual occupancy by a junior patentee or junior title holder of that part of a tract of land which does not interfere with the elder grant, does not give him possession of the part within the interference, although the elder patentee or title holder never actually entered upon any part of the land included in his patent. (McCoy, &c. v. DeLong, 22 Ky. Law Rep., 2719; Trimble v. Smith, 4 Bibb, 257; Smith v. Mitchell, 1 Mar., 153; Pogue v. McKee, 3 Mar., 128.) The plat referred to in the record is not before us and there is nothing in the evidence tending to show that appellant's house is upon the interference. He did not have the strip of land in controversy enclosed, nor did he occupy it. There was a fence for a part of the way and marked trees for the balance. That being true, the instruction limiting his right of recovery to so much of the land in controversy as he had actually enclosed for fifteen years, was as favorable as he was entitled to.

Judgment affirmed.