## NOBLE *v.* GALLARDO y SEARY.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 147. Submitted December 22, 1911.—Decided January 22, 1912.

A court of equity being a novelty in Porto Rico, it would be unjust to apply its doctrines to the conduct of parties during the period that was not governed by any rules peculiar to chancery courts.

The right to foreclose liens on crops under a mortgage executed in 1865, which is contested on the ground of laches, should be determined according to Spanish law as it prevailed during the time when laches is claimed to have taken place, and not according to the doctrines of our equity courts.

5 Porto Rico Fed. Rep. 10, reversed.

THE facts, which involve the construction of the law of liens on crops in Porto Rico, are stated in the opinion.

*Mr. N. B. K. Pettingill* for appellants.

There was no brief filed for the appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to foreclose a mortgage or lien executed in

December, 1865, by which one Ramon Ruiz Gandia bound himself to pay a certain sum to William Noble with the proceeds of the first crops that might be ground from the next January at a certain plantation. The defendants pleaded laches apparent on the face of the bill and different statutes of limitation. The notarial document by which the lien was created is presented only in a translation which suggests doubts whether a further lien upon succeeding crops applied to this debt or only to another that is referred to and that was due to another man. There was also a petition for leave to intervene on the part of the representative of the other creditor, referring to documents not set out, but this was not acted upon except as affected by the disposition of the principal case. The court below expressed doubts whether any of the instruments bound the land, but held that in any event the plaintiffs were barred by laches and dismissed the bill.

As was observed by the court below, a court of equity is a novelty in Porto Rico. But, this being so, it would be unjust to apply its doctrines to the conduct of the parties during the many years that were not governed by any rule peculiar to chancery courts. The plaintiffs are not relying upon a merely equitable right; they are asserting a lien which they say the Spanish law gave them until it was barred by the statute of limitations. Whether the Spanish law had any doctrines of laches that in any aspect would be applicable to this case was not argued and we have not inquired. But it is to be observed that no change of position on the faith of, or seemingly influenced by, the quiescence of the plaintiffs and their predecessors is disclosed. It would be open to argument whether laches was made out, even under our law, sufficient to defeat the remedy usually given by equity to enforce a purely legal right; in other words whether mere lapse of time short of the statute of limitations, with nothing more, should defeat the foreclosure of a lien supposed still to

exist at law.  But we express no opinion on that point because the matter must be decided by Spanish law, which prevailed during the time when the laches is supposed to have been shown.

The case is a hard one, no doubt, if the plaintiffs ultimately should prevail on the strength of the old law of prescription for mortgages and subsequent recognitions. It should be scrutinized with care, not only with reference to the property covered by the lien, but the nature of the recognitions during the time when the bond could not be denied, and the law.  As we have intimated, the record leaves some doubt as to material facts, no argument was presented to us on behalf of the appellees, and upon the whole we think it will be more conducive to justice if the case be remitted to the District Court for further consideration.  To that end the decree will be reversed.

*Decree reversed without prejudice.*