### CARR et al. v. STEBBINS et al.

(Circuit Court of Appeals, Seventh Circuit. June 20, 1923. Rehearing Denied September 21, 1923.)

No. 3225.

1. Lis pendens ⊜⇒22(1)—Purpose and effect of filing "lis pendens" notice.

The purpose of a "lis pendens" notice is to enable the court to give effective relief in the pending suit, without having to bring on the record as new parties those who may become successors in interest to the present parties during the pendency of the suit, and the effect is to make all such

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

successors abide by the outcome of the suit, as fully as if they were parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lis Pendens.]

**2. Lis pendens ⟪25(1)—Record owners of land, not made parties to suit against their grantor, cannot be concluded by filing lis pendens.**

Where a suit by adverse claimants against complainants' grantors was dismissed after complainants acquired and recorded their title, they cannot be concluded by the decree in a second suit against their grantors, to which they were not made parties, by the filing of a lis pendens.

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by Charles H. Stebbins and John H. Putney against Drusilla Carr and others. Decree for complainants, and defendants appeal. Affirmed.

Edward W. Felt, of Indianapolis, Ind., and E. G. Ballard, of Chicago, Ill., for appellants.

John R. Cochran, of Chicago, Ill., and Frederick C. Crumpacker, of Hammond, Ind., for appellees.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. Appellees sued to clear their title to certain lands in Indiana from clouds cast thereon by appellants' claims, which the complaint alleged to be unfounded. The only defense set up in appellants' pleadings and proofs was that a decree quieting title in appellants against appellees' grantors constituted an estoppel that cut off appellees from benefiting by the perfect record title that came to them from the government's patentee by proper mesne conveyances.

On January 28, 1909, the owners of the record title duly executed to appellees a deed of the land. This deed was properly recorded on February 4, 1909. It contained a recital that it was given "subject to the rights, if any, of any person in possession or claiming possession adverse to the grantors." In view of the single issue in this suit, appellants' reference to this recital is futile. Appellants did not defend against appellees' record title by asserting a paramount right to the land by reason of adverse possession.

On April 21, 1908, appellants brought suit to quiet title against appellees' grantors in the superior court of Lake county wherein the land was situated. On the same day a lis pendens notice was filed.[1] On July

[1] Burns' R. S. Ind. 1914, § 329, provides that "whenever any person shall have commenced a suit, whether by complaint, as plaintiff or by cross-complaint as defendant to enforce any lien upon, right to. or interest in any real estate upon any claim not founded upon an instrument executed by the party having the legal title to such real estate, as appears from the proper records of such county, and recorded as by law required, * * * it shall be the duty of such person to file with the clerk of the circuit court in each county where the real estate sought to be affected is situated, a written notice containing the title of the court, the names of all the parties to such suit, a description of the real estate to be affected, and the nature of the lien, right. or interest sought to be enforced against the same." This notice must be recorded by the clerk in the lis pendens record.

3, 1908, a decree by default was entered on service by publication. On January 26, 1909, defendants appeared and moved to set aside the decree and the default, and the court sustained that motion on January 29, 1909.[2] Venue was changed to the superior court of Porter county, and in that court on February 15, 1911, appellants voluntarily and without any reservation dismissed their suit as to the defendants (appellees' grantors) "and all persons claiming from, under or through them, in and to the real estate described in the complaint or any part thereof."

On February 16, 1911, appellants filed a new suit to quiet title to this same land against appellees' grantors in the superior court of Lake county, and appellants likewise filed a new lis pendens notice. Thereafter the venue was changed to the superior court of La Porte county, and in that court on May 17, 1912, a final decree was rendered against appellees' grantors.

Did that decree preclude appellees from thereafter counting on their otherwise perfect title? There is no proof nor contention that appellees were secretly conducting or aiding the defense, or even had knowledge of the trial and decree, in the superior court of La Porte county. So the only question is as to the effect of the lis pendens notices. The land is in Lake county. Two suits were begun in that county. In each case a lis pendens notice was duly filed. Appellees were not brought into court by service of process in either suit. They were not named in either notice. But they accepted a deed from defendants in the first suit while that suit was pending. Though they may have had no knowledge of the suit, they were bound to take notice and abide by the outcome. Constructively they traveled from Lake to Porter county and were present in the superior court of the latter county when the first case was dismissed. Were they bound constructively to travel thereafter to La Porte county and take notice of the outcome of the second suit? Appellants' insistence that appellees were so bound comes, we believe, from a misapprehension of the nature and purpose of the lis pendens notice.

Appellants seem to think that the purpose of a lis pendens notice is merely to give the world notice of the nature of the claim upon the land and that the effect is that one who has received notice will never thereafter be heard to say that he had no notice. We agree at once that a purchaser of land who takes his deed with notice of an adverse claim can never escape from the notice, and must stand ready to go to final adjudication of the merits of the conflicting claims. And such is the holding in Ætna Life Ins. Co. v. Stryker, 38 Ind. App. 312, 73 N. E. 953, 76 N. E. 822, 78 N. E. 245, so strongly relied upon by appellants. But the trouble about applying that decision to the present case is that appellants have avoided a joinder of issue on the merits of the conflicting claims, and have relied exclusively upon the decree against appellees' grantors.

[2] Appellants' argument that appellees are bound by the decree of July 3, 1908, because it was not vacated until January 29, 1909, while appellees took their deed on January 28, 1909, requires in our judgment no reference but this which is made only to show that the contention has not been passed unnoticed.

[1, 2] The real purpose of the lis pendens notice is to enable the court to give effective relief in the pending suit without having to bring upon the record as new parties those who may become successors in interest to the present parties during the pendency of the suit, and the effect is to make all such successors abide by the outcome of the suit as fully as if they were parties. 23 Cyc. 1234, 1237, 1280; Ross v. Banta, 140 Ind. 120, 34 N. E. 865, 39 N. E. 732; Pennington v. Martin, 146 Ind. 635, 45 N. E. 1111; Busick v. Busick, 65 Ind. App. 655, 115 N. E. 1025, 116 N. E. 861; Newman v. Chapman, 2 Rand. (Va.) 93, 14 Am. Dec. 766; Watson v. Wilson, 2 Dana (Ky.) 406, 26 Am. Dec. 459; Hammond v. Paxton, 58 Mich. 393, 25 N. W. 321; McClaskey v. Barr (C. C.) 48 Fed. 130. Appellants' dismissal of the first suit without reservation ended appellants' right to have appellees' grantors stand as representatives of appellees. If appellants had it in mind to conclude appellees by the second suit (instituted more than two years after appellees had taken and recorded their deed), they should have named appellees as defendants and have served them with process. 25 Cyc. 1470, 1471; 21 Am. & Eng. Ency. of Law (2d Ed.) 621; 2 Pomeroy's Eq. Jur. (3d Ed.), § 634, note (b); Bristow v. Thackston, 187 Mo. 332, 86 S. W. 94, 106 Am. St. Rep. 472; Wortham v. Boyd, 66 Tex. 401, 1 S. W. 109; Allison v. Drake, 145 Ill. 500, 32 N. E. 537; Rowe v. Hill, 215 Fed. 518, 132 C. C. A. 30; Dull v. Blackman, 169 U. S. 243, 18 Sup. Ct. 333, 42 L. Ed. 733.

The decree is affirmed.