## MINERAL DEVELOPMENT CO. v. KENTUCKY COAL LANDS CO.

(Circuit Court of Appeals, Sixth Circuit. January 11, 1924.)

No. 3941.

1. Judgment ☜666—Bar of former adjudication must be mutual.

The bar of a former adjudication must be mutual, and a judgment cannot be pleaded as a bar against one who was not a party to it in such sense that he could have availed himself of it, had it been in favor of the opposite party.

2. Judgment ☜682(1)—Decree against grantee of timber on a tract of land, determining its boundary, held not binding on owner of land.

There is no such privity between the owner of a tract of land and its grantee of the timber thereon, that it is bound by the decree in a suit between such grantee and a third party, which determines the boundary of the tract, though it has a contingent reversionary interest in the timber.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit in equity by the Mineral Development Company against the Kentucky Coal Lands Company. Decree for defendant, and complainant appeals. Affirmed.

J. F. Bullitt, of Philadelphia, Pa., and Clinton M. Harbison, of Lexington, Ky. (Dishman & Tinsley, of Barbourville, Ky., Worthington, Browning & Reed, of Maysville, Ky., and Wilson & Harbison, of Lexington, Ky., on the brief), for appellant.

W. R. Middleton, of Detroit, Mich. (Clifford B. Longley, of Detroit, Mich., and Cleon K. Calvert, of Pineville, Ky., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This is an appeal from the judgment of the District Court in an action in equity instituted by the appellant, the Mineral Development Company, a Virginia corporation, against the Kentucky Coal Lands Company, a corporation of the state of New York, to enjoin defendant from the enforcement of a judgment entered by the District Court in a former suit in ejectment brought by the Kentucky Coal Lands Company against the Mineral Development Company, which judgment of the District Court in favor of the Kentucky Coal Lands Company was affirmed by this court (259 Fed. 118, 170 C. C. A. 186), and a petition for writ of certiorari was denied by the Supreme Court (250 U. S. 641, 39 Sup. Ct. 492, 63 L. Ed. 1185). A former suit to enjoin the enforcement of the same judgment was brought by this appellant against the appellee in 1921. In that action the District Court found for the defendant and entered a decree dismissing the bill. 285 Fed. 761. This decree was affirmed by this court. 285 Fed. 1021.

The ejectment suit involved the question of the location of the Isom Stamper patent for 12,000 acres of land, under which patent the Kentucky Coal Lands Company claim ownership. The first suit to enjoin

the enforcement of this judgment was based on the ground that, after the rendition of the judgment in the ejectment suit, the Stamper patent had been finally and authoritatively located by the Court of Appeals of Kentucky in conformity with the contention made by the Mineral Development Company in the ejectment suit.

This second suit to enjoin the same judgment is based upon the grounds: (1) That, before the entering of the judgment in the ejectment suit, the Kentucky Coal Lands Company was concluded as to the true location of the Stamper patent by a decree theretofore rendered in an action brought by the Mineral Development Company against the Tuggle Land & Timber Company (151 Fed. 450, 81 C. C. A. 34), for the reason that it had been party to that action by representation; and (2) that the Mineral Development Company had been prevented from availing itself of the defense of former adjudication by the Tuggle decree in the trial of the ejectment action by the fact that the Kentucky Coal Lands Company had concealed its connection with the Tuggle suit so effectively that this appellant had no knowledge thereof until March, 1922, long after the rendition of the judgment in the ejectment suit. The defendant filed a motion to dismiss the bill for want of equity, which motion was sustained by the District Court.

The claim that the Kentucky Coal Lands Company was a party to the Tuggle Land & Timber Company Case by representation is based upon what is known in the several litigations between these parties as the "Tuggle extension," of which the following is a copy:

"In consideration of the fact that John W. Tuggle has instituted and is now prosecuting in the United States Circuit Court for the Eastern District of Kentucky a suit against the Mineral Development Company concerning the title to the timber which the Kentucky Coal Lands Company heretofore deeded to the said Tuggle, and which suit involves the title to the land on which the timber stands: Now, in consideration thereof, the Kentucky Coal Lands Company agrees with said Tuggle that the time of the pendency of said suit shall be excluded from the time given to said Tuggle for the removal of said timber.

"In testimony whereof the Kentucky Coal Lands Company has caused its name to be hereto subscribed by A. K. Cook, its duly authorized agent, this the 27th day of April, 1905.

"The Kentucky Coal Lands Company,
"By A. K. Cook, Agent."

If it were conceded that the plaintiff had exercised due diligence in seeking relief at law by an effort to have the judgment set aside and a new trial granted under the Kentucky Civil Code of Practice (section 344), and was not guilty of such laches in the bringing of this suit as would justify a denial of equitable relief, nevertheless the judgment in the Tuggle Land & Timber Company Case could not have been pleaded in bar in the ejectment suit.

[1] The Mineral Development Company avers in its petition that it had no knowledge, and no means of acquiring the knowledge, that the Kentucky Coal Lands Company had any connection with the Tuggle suit, until after the judgment in that case became final. For that reason the Kentucky Coal Lands Company could not have pleaded that judgment in bar, had it been in favor of the Tuggle Land & Timber Company. The bar of a former adjudication must be mutual.

Rowe v. Kidd, 259 Fed. 127, 131, 170 C. C. A. 195; Rowe v. Hill, 215 Fed. 521, 132 C. C. A. 30; Souffront v. La Compagnie Des Sucreries De Porto Rico, 217 U. S. 475, 487, 30 Sup. Ct. 608, 54 L. Ed. 846.

[2] Aside from that consideration, the Kentucky Coal Lands Company derives no title to this land from or through Tuggle or the Tuggle Company. At the time of the Tuggle Land Company's suit it had no interest in the timber, other than the possibility of reversion upon a condition subsequent, that might never happen. In so far as the title to the land itself is concerned, there was no privity existing between the Kentucky Coal Lands Company and the Tuggle Land & Timber Company.

For the reasons stated, the judgment of the District Court is affirmed.