## PIONEER COAL CO. v. TAYLOR & CRATE.

(Circuit Court of Appeals, Sixth Circuit. May 15, 1925.)

No. 4225.

1. Injunction ⬅️35(1)—One in possession of land without title may sue to enjoin trespass.

In Kentucky, one in possession of land, though not having title, may sue to enjoin trespass.

2. Adverse possession ⬅️13—Rule for acquiring title by adverse possession stated.

In Kentucky, to acquire title by adverse possession, entry and possession must be so open and adverse as to put real owner on notice of claim, and possession must continue uninterruptedly for 15 years; but it is not necessary that entry under color of title, describing lands by metes and bounds, extend to all parts of land, or that all parts be actually used.

3. Adverse possession ⬅️16(1)—Entry and possession held sufficient to give title.

Entry on land by person who claimed undivided one-half interest therein, erection and maintenance of fence thereon, cultivation of garden, and using inclosure for stock in winter for 15 years, held sufficient to give title by adverse possession to land actually or by operation of law occupied.

4. Adverse possession ⬅️44—Expansion of claim to include adjacent tracts under subsequent deeds held not to cause cessation of limitation running in favor of original boundaries.

Where land was entered by plaintiff's predecessors, and possession continued for over 15 years, under deed describing land by metes and bounds, expansion of plaintiff's claim under subsequent deeds to adjacent tracts did not cause cessation of limitation running in favor of original boundaries.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by Taylor & Crate against the Pioneer Coal Company. Decree for plaintiffs, and defendant appeals. Affirmed.

Cleon K. Calvert and Martin T. Kelly, both of Pineville, Ky. (James D. Black and H. H. Owens, both of Barbourville, Ky.,

and James H. Jeffries, of Pineville, Ky., on the brief), for appellant.

Wm. B. Dixon, of Louisville, Ky., and Edward R. Bosley, of Buffalo, N. Y. (William Low, of Pineville, Ky., on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and WESTENHAVER, District Judge.

MOORMAN, Circuit Judge. The subject of this litigation is a tract of about 77 acres of land included in a larger body of 1,400 acres, of which appellee claims possession and ownership. It is also embraced in a tract of 93.4 acres claimed by appellant. The suit was commenced by bill in equity to enjoin appellant from trespassing on the land described therein and to quiet appellee's title to it. The answer and counterclaim asserted appellant's ownership of the 93.4-acre tract, and prayed that its title thereto be quieted.

The lower court found that appellee had been in the actual, continuous, exclusive, and adverse possession of the 1,400 acres for many years prior to any entry thereon by appellant, that appellant had never owned or had possession of any of the land claimed by it, dismissed its counterclaim, and perpetually enjoined and restrained it from entering upon the land in dispute, or committing any trespass thereon of any kind whatsoever.

This decree was based on the conclusions, as set out in the opinion, that the prior possession of appellee entitled it to recover in this action, that it had shown title under section 251 of the Constitution of Kentucky, by proving that it had held the land adversely for 5 years prior to the entry of appellant, and that it was justified in claiming title under an adverse possession for 15 years.

[1] The first of these conclusions is attacked on the ground that the suit was to quiet title (Combs v. Turner, 193 Ky. 636, 237 S. W. 37), and appellee was required to show that it had both legal title and possession at the time the suit was filed. Rowe v. Hill [6th C. C. A.] 215 F. 518, 132 C. C. A. 30. It is the rule in Kentucky that one in possession of land, though not having title, may maintain an action to enjoin trespass. Carson v. Turk, 146 Ky. 733, 143 S. W. 393, 42 L. R. A. (N. S.) 384. Stephens v. Stephens, 165 Ky. 353, 176 S. W. 1137. The lower court evidently had this rule in mind in holding that the prior possession of appellee

entitled it to recover. In view, however, of the character of the action as defined in Combs v. Turner, and the other grounds of the judgment as set out, it is not necessary to consider either rule, except to the extent that the first mentioned relates to the evidence upon which appellee relied as establishing its right to a judgment quieting title.

That it had no valid paper title is admitted. Its claim, if upheld, must rest on an adverse possession of 5 years investing it with title, as it insists, under section 251 of the Constitution of Kentucky, or on the ground of adverse possession for the statutory period of 15 years. The first of these contentions was sustained by the lower court. There is no precedent to be found in the decisions of the state courts, sustaining or denying that view. We prefer, therefore, to pass the question and proceed to a consideration of the second ground.

The proof is clear as to the character, extent, and duration of appellee's claim, whatever may be its legal attributes. The immediate vendor of appellee was the partnership of Taylor & Crate. Their respective executors conveyed the land to appellee with several differently described tracts constituting a body of about 1,400 acres by deed of September 17, 1904. The vendors of the partnership were the Jones Lumber Company and Berry Howard. The lumber company's deed of December 1, 1893, purported to convey 15 tracts and an undivided half interest in 26 others, among which was the tract in question described by courses and distances. Berry Howard, by deed of February 12, 1901, conveyed his claim of an undivided half interest to 7 tracts of land, one of which described by courses and distances the land in controversy. The Jones Lumber Company's claim was partially acquired from James Slusher by deed of June 14, 1889, whose claim was derived from a patent of 700 acres issued to John H. Farmer, July 5, 1846.

The claims of the Jones Lumber Company and Berry Howard to the remainder of the land were based on a deed from Preston Hendrickson of January 7, 1893, who claimed through mesne conveyances from a patent of 600 acres issued to John H. Farmer, July 5, 1846, or a patent of 7,000 acres issued to James Farmer, August 8, 1851, both of which covered the land. These patents were junior to and included in a patent for 50,000 acres issued to Abraham Morehouse on February 20, 1799, and, under an act of the General Assembly of Kentucky of 1835, were void. The deed of December 1, 1893, from

the Jones Lumber Company to Taylor & Crate included, not only the lands that it claimed under the Farmer patents, but also other lands to which it had acquired claim of title prior to the date of the conveyance. Appellant claims under an execution sale against Preston Hendrickson. It is questionable whether the 77-acre tract is included within the boundary sold under that execution; certainly appellant acquired no title from the sale, because Hendrickson had none, his claim being based on void patents. But that point is immaterial, in view of appellee's assumption of the burden of showing title in itself; the main question in its two important phases being: Was there an adverse entry on the land by appellee and thereafter an uninterrupted and adverse holding of it under claim of right for 15 years; and, if so, what was the extent of the possession thus acquired and held?

[2] In the absence of a statutory definition of the acts that will summon into operation the statute of limitations against the real owner, these inquiries are to be determined on an application of the principle that the entry and possession must be so open and adverse as to put the real owner on notice of the claim. The possession must continue uninterruptedly for 15 years, but it is not essential that the entry be upon all parts of the land, or that all parts of it be actually used, for, generally speaking, if an entry is made upon unoccupied land under a deed containing metes and bounds and purporting to convey the land described, the possession by construction of law extends to the whole tract within the boundaries described. Hopson v. Cunningham, 161 Ky. 160, 170 S. W. 522; Lipps v. Turner, 164 Ky. 626, 176 S. W. 42. If the deed be void, it is none the less evidence of the extent of the claim. It has been held that the ranging of cattle or hogs on unimproved land, the conducting of a sugar camp at intermittent periods, the occasionally cutting of timber, or the committing of other intermittent acts of trespass, such as the taking of coal or the planting of two or three crops in a period of 20 years, are not in themselves sufficient to establish adverse possession. Smith v. Chapman, 160 Ky. 400, 169 S. W. 834; Davis & Co. v. Sizemore, 182 Ky. 680, 207 S. W. 16. Many of the authorities cited in these decisions relate more directly to the continuity of the possession than to the adverseness of the entry and the claim.

[3] Appellee, through its tenant, entered in 1907 upon the land embraced in its deed of September 17, 1904, at the forks of Wolf Pen branch, and thereafter, claiming ownership of all the boundaries, continuously used and occupied the small area cleared until March, 1923. Other parts of the different tracts included in its deed were occupied, after the entry referred to, and some acreage cleared and used until the date of the institution of this suit. None of these entries was on the tract in controversy, though they were on other tracts embraced in the deed under which appellee claimed it. But Berry Howard, claiming jointly to own it and acting for himself and the partnership of Taylor & Crate, through A. J. Bailey, had entered upon it near the public road in 1894. The entry was made when Taylor & Crate were claiming an undivided half interest in it and other lands under their deed of December 1, 1893, which described it by courses and distances. Bailey cleared a small part of the land in 1894, placed a fence on three sides of it, using a cliff as a barrier to complete the inclosure on the fourth, fenced an adjoining spring, and used the land for a garden, except when occasionally permitting it to rest in order to increase its fertility. In the winter the inclosure was regularly used for stock, the cliff affording a shelter for the stock. There was no break in the continuity of this possession. It was maintained under Taylor & Crate after they had acquired the claim of Berry Howard and by appellee after it succeeded to the rights of the partnership. When E. V. Howard became the agent of appellee in 1909 authority was given Bailey to continue the use of the land as theretofore, which was done. The maintenance of the fence and the use and cultivation of the land, as indicated, presented unmistakable evidence of a claim of right so to use and occupy it. This was an adverse holding of more than 15 years, and was sufficient to invest appellee with title to such of the land as was thus actually or by operation of law occupied.

[4] This brings us to the question of the extent of the possession. Elaborate arguments have been made supporting and opposing the proposition that it did not include adjacent and separately described tracts embraced in appellee's deed of 1904. Appellant's contention on this point proceeds on the theory that the entry and possession effected through A. J. Bailey were not adverse, that others shown in the evidence were similarly ineffectual, and in any event they could not be held to include adjacent tracts. Having determined the first of these questions against appellant, it is unnecessary to decide whether the other entries

were adverse, or what was the legal effect of any entry or holding in respect to adjacent tracts; for, as has been pointed out, in December, 1893, appellee's predecessors acquired, among other interests, color of title to an undivided half interest in the tract involved in this suit under a deed describing it by courses and distances, and in 1901 acquired color of title to the remaining half interest with similar description. The land was entered under claim of right by appellee's predecessors and their co-claimant in 1894. This possession continued until the institution of this action, and for more than 15 years before appellant attempted to make an entry under its claim. Whether the deed of September 17, 1904, did or did not separately describe the land, it was included within the boundaries therein described, and the expansion of appellee's claim by virtue of its deed beyond the lines of the tract in controversy, but to include it with others claimed by its immediate vendors, did not effect a cessation of the limitation running in favor of the original tract on which the Bailey entry was made, as it is separately described in the deeds of December 1, 1893, and February 12, 1901.

The judgment is affirmed.