## GALLARDO Y SEARY *v.* NOBLE.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF PORTO RICO.

No. 141. Argued January 20, 1915.—Decided February 1, 1915.

A statement of the condition of the record title made by an owner of property in Porto Rico does not necessarily enlarge the scope of an incumbrance mentioned in the statement from what it actually is

· or estop the person making the statement; e. g., a reference to a
mortgage on crops as being one on the land. .

A mortgage on property in Porto Rico held in this case to be one on the
crops alone and not on the land.

THE facts, which involve the construction of a mortgage
affecting property in Porto Rico and the determination of
the question of whether it embraced the land or only the
crops, are stated in the opinion.

*Mr. Frederic R. Coudert,* with whom *Mr. Howard
Thayer Kingsbury* was on the brief, for appellants.

*Mr. N. B. K. Pettingill,* with whom *Mr. Roberto H.
Todd* was on the brief, for appellees:

The instrument created a lien on the land; the rule that
mortgages must be upon specific real estate is confined to
its effect upon rights of third parties. .

The instrument bound the title of Gallardo. The
allegations of the bill are sufficient. Upon a decree *pro
confesso* the question is of substance—not form.

The allegations are supported by findings of fact. In
the absence of evidence in the records there is a conclusive
presumption that the decree was warranted.

The only open question here is the sufficiency of the find-
ings to support the decree.

The appellants are estopped to deny the lien because of
their conduct in obtaining possessory title.

The presumption is that public officials have properly
performed their duties.

The instrument imposed a tacit mortgage although
described as a deed of refaccion.

The defense of prescription is not sustained, and if
prescription is not pleaded, it is waived.

The plea was bad because it was double; also because it
states no defense; and also because the thirty-year statute
was not pleaded. Prescription is a rule of real property.

The complainants are entitled to the remedy pursued; summary proceedings are optional.

A record of a mortgage need be transferred only as against third persons, and the appellants are not third persons.

The Registrar's ruling is not binding, but if it were the result would be favorable to appellees.

The refusal of the court to open the *pro confesso* decree was not abuse of discretion.

The records did not prove recognitions insufficient.

There was no sufficient defense presented to the court below, nor was the answer presented signed by defendants.

The failure to answer within the time was not excused.

Suspension of entry of decree is a matter of discretion and this record is not in a condition to review its exercise.

Judge Hamilton's opinion held the contract was one of refaccion and that it gave a tacit lien upon the realty. It erroneously held that the lien bound only the interest of Gandia and that it was barred by prescription.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to foreclose a mortgage annexed to the bill and alleged to create a lien upon the Cacique sugar plantation. It was brought against the appellants, who are the heirs of one Gallardo, a purchaser of the estate. A demurrer and a plea of prescription of thirty, twenty, fifteen and five years were filed and overruled, subject to exception, and thereafter the bill was taken as confessed and a decree entered as prayed. The mortgage was made on December 22, 1865, and the plaintiffs agree that their claim depends upon its being construed to embrace the land. The construction of the instrument therefore is the main question to be dealt with. It is made more difficult by the fact that still, as when the case was here

before, 223 U. S. 65, there is only an obviously inartificial translation in the record, but enough can be gathered to make the result tolerably plain.

The mortgage after reciting a debt due from the mortgagor, Don Ramon Ruiz, to the mortgagee, Mr. William Noble, 'for the payment of the lease' on the Cacique estate goes on to say that the mortgagor 'binds himself to pay the above-mentioned sum to his creditor Noble, with the proceeds of the first crops which may be ground,' &c. It then recites a debt of Ruiz to Goenaga that must be paid in October, 1866, 'thereby being cancelled that deed of refaccion, and Ruiz obliged not to execute any other agreement or deed with damage to this present one.' "For the better security of the aforesaid, besides the general obligation which he hereby makes of all his property hindering the special obligation, neither the special hindering the general, the appearing party hereto mortgages expressly and especially not only the canes which may be ground in the next crop by the Cacique plantation, . . . but also those which it may grind in the following crops, until the complete payment of the amount herein acknowledged." The appellee gives the original Spanish: "y sin que la obligación general que hace de todos sus bienes impide la especial ni por el contrario ésta a aquella, el compareciente don Ramón Ruiz hipoteca expresa y señaladamente no tan sólo los frutos que en la proxima cosecha elabore la Hacienda Casique . . . como ya queda precisado, sino tambien los que fabrique en los demás cosechas venideras hasta el completo pago de la cantidad que deja reconocida." We agree with the appellant that a negative is left out in the translation and that the meaning is: without the general obligation of all the debtor's property hindering the special, or conversely this hindering that. So translated we think it is obvious that the general obligation of all the mortgagor's property is referred to not as the object

or effect of 'this' special one, but as something presupposed. It is in fact the general obligation of all a debtor's property that is incident to the existence of a debt; an obligation which is recognized in some degree by every system of law and shown in ours by the invalidity of conveyances in fraud of creditors, but which in the civil law is more emphasized and expressed. The object of the instrument and the only object is to pledge the crops and to provide for the severance and application of them to the debt—what is called an anticipatory mobilization. *Williamson* v. *Richardson,* 31 La. An. 685, 687. It could not well have gone further seeing that by the allegations of the bill Ruiz owned only an undivided interest in the plantation and was in possession under a lease.

The reference to the cancelling of a deed of refaccion has no bearing upon the nature of the present instrument, although that point was argued. The obligation of Ruiz not to execute any other agreement to the damage of the present one is the well-known general pact *de non alienando* intended to give an additional safeguard to the mortgagee against later alienees of the mortgaged property. Febrero, Part 2, Book 3, c. 2, no. 85. Curia Filipica, Part 2, § 11, no. 11; Tercero Poseedor. *Nathan* v. *Lee,* 2 Martin (La.), N. S. 32. The language means any agreement other than the present—not any deed of refaccion other than the present, and so we need not consider the nature and effect of such deeds in creating, so to speak, a salvage lien. We turn therefore to a so-called acknowledgment that is relied upon as estopping the appellants from denying the operation of the mortgage upon the land. It seems from the bill that Ruiz became bankrupt, that a coöwner, Gallardo, obtained a possessory title, and that on his applying for registry of the same in 1882 he was required to set forth the incumbrances and mentioned among them the mortgage to Noble. But even on the allegations of the bill and still more plainly on looking at the instrument,

which is in the record and is referred to by both parties, this is merely a statement of the condition of the record title.. It does not in any way enlarge or purport to enlarge the scope of the original transaction. The mortgage of course bound the land in a certain sense, because the crops were land until they were severed. *Williamson* v. *Richardson*, 31 La. An. 685. But that was the extent to which it bound it, and the recital of it in the registry means no more. At a later date a registrar declined to recognize the mortgage as a lien upon the property, on the ground that it affected only the products to be manufactured in the plantation. He may have been wrong in his law for the reason that we have suggested, but he was plainly right in his construction of the document. There is no other recognition needing mention.

As our opinion is that the mortgage bound only the crops it follows without more that the decree must be reversed.

*Decree reversed.*