PITT et al. v. RODGERS.

(Circuit Court of Appeals. Ninth Circuit. October 9, 1900.)

No. 572.

FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION—LIS PENDENS UNDER
NEVADA STATUTE.

Under the statute of Nevada (Cutting's Comp. Laws, par. 3122) which requires the filing of a notice of lis pendens with the county recorder in order to charge subsequent purchasers with constructive notice of the pendency of an action affecting the title or possession of real property, a purchaser of land without knowledge or actual notice of a suit then pending in a state court between his grantor and others involving water rights in connection with such land, and in which no notice of lis pendens was filed, is not affected by such suit, and the institution by him of a suit in a federal court to determine his water rights, and the service of process and an injunction therein upon the defendants, who are also the adverse parties in the action in the state court, vests the federal court with priority of jurisdiction over the subject-matter and the parties, and it may properly protect such jurisdiction by an injunction restraining the defendants from further prosecuting the suit in the state court, to which, subsequent to the service of process upon them, they have made the complainant a party.

Appeal from the Circuit Court of the United States for the District of Nevada.

J. W. Dorsey and R. R. Bigelow, for appellants.

Charles W. Slack and A. E. Cheney, for appellee.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This is an appeal from an order of the circuit court of the United States for the district of Nevada (96 Fed. 668) restraining W. C. Pitt, J. T. Hauskins, and L. L. Downs from further proceeding against Arthur Rodgers, the complainant in this action, upon an amended and supplemental answer filed by them "in a certain action pending in the district court, Fifth judicial district of the state of Nevada, in and for the county of Humboldt, wherein J. R. Thies, P. N. Marker, and H. C. Marker are plaintiffs, and the said W. C. Pitt, J. T. Hauskins, and L. L. Downs are defendants." The appellants insist that the facts stated in the petition for injunction are not sufficient to justify the action of the circuit court in making the order appealed from, and this is the only question presented by the appeal. The allegations of the petition for injunction were very carefully stated by Judge Hawley, then presiding in the circuit court, in his opinion overruling the demurrer and exceptions to the petition, and from that opinion we quote as follows:

"The material facts presented in the petition may be briefly stated in their chronological order as follows: On November 30, 1892, there was filed in the state court a complaint in a suit wherein J. H. Thies, P. N. Marker, and H. C. Marker were plaintiffs, and W. C. Pitt, J. T. Hauskins, and L. L. Downs were defendants, praying for a decree adjudging to the plaintiffs therein the first and unrestricted right to the use of the flow of the waters of the Humboldt river, four hundred and four cubic feet per second, for the purpose of

irrigating the lands of the plaintiffs, the watering of their stock, and for their domestic purposes, etc. On March 7, 1893, the defendants Pitt and Hauskins filed their answer, denying many of the averments in said complaint, and, among other things, alleged that the plaintiffs were jointly entitled, as prior appropriators, to the use of only four hundred and thirty-five inches of water, as against the defendants. No injunction was ever issued in said suit. No trial of the case was ever had. No proceedings were ever taken after the filing of the answer until July, 1898, as hereinafter mentioned. On November 18, 1895, complainant Arthur Rodgers acquired the interests and became the owner of all the lands, water, and water rights theretofore belonging to and owned by the said P. N. Marker and H. C. Marker, mentioned and described in the suit commenced in the state court. On May 2, 1898, Arthur Rodgers filed in this court his bill of complaint against W. C. Pitt and the other defendants herein mentioned, wherein he prays that the claim of said defendants to have, divert, or use the water of the Humboldt river be adjudged and decreed to be invalid as against him, and that their rights thereto be adjudged and decreed subordinate and inferior to his rights to have and use the quantity of water mentioned in the bill, whenever the same is necessary for the irrigation of his land, and for watering his stock, and for domestic use. Upon proceedings regularly had therein, this court issued a temporary injunction restraining the defendants, and each of them, from diverting, or in any manner using, the waters of Humboldt river so as to prevent three thousand five hundred inches thereof, measured under a four-inch pressure, from flowing in the bed of the river to the head of the complainant's ditch during the irrigation season. 89 Fed. 420, 424. This cause is still pending, and the injunction is still in full force and effect. The defendants W. C. Pitt and J. T. Hauskins are the same persons as were the defendants in the suit in the state court. The lands, water, and water rights mentioned and described in the complaint in the state court are the same as described and mentioned in the bill of complaint filed in this court. The parties to the respective suits are not identical. On July 16, 1898, the defendants moved the state court for leave to file an amended answer in the suit therein pending, and were by the court allowed so to do. This is designated as an 'amended answer' and 'amended and supplemental answer.' In this answer defendants in the suit petitioned the court for affirmative relief therein against the complainant Rodgers and against J. H. Thies and L. M. Carpenter, who were co-tenants with complainant in a ditch which supplied him and them with water to irrigate their respective lands from Humboldt river, and this part of the pleadings is variously designated as a 'counterclaim' and 'cross complaint' and a 'cross bill.' Complainant was thereafter duly served with process from the state court, and divers preliminary motions and proceedings have been taken therein."

It is further alleged in the petition that a writ of subpœna was issued in the action in the United States circuit court, and duly served upon appellants, defendants therein, prior to June 27, 1898, and that the complainant did not have, at the date of his purchase of the water and water-rights described in the bill of complaint, nor at the date of the filing of the bill of complaint in the action in the United States circuit court on May 2, 1898, any knowledge or actual notice of the pendency of the prior action in the state court in which his grantors and J. H. Thies were plaintiffs and the appellants herein were defendants.

1. It will be noticed from the foregoing statement of facts that when the complainant Rodgers purchased the property which is now the subject of controversy between him and the appellants in the action in the United States circuit court the question of title to that property was in litigation between his grantors and these appellants in the action of Thies and others against Pitt and others, then and still pending in the district court, Fifth judicial dis-

trict, of the state of Nevada, and that court. had acquired jurisdiction over the grantors of complainant and the appellants herein, and was thus vested with jurisdiction to determine, as between the grantors of the complainant and the appellants, all questions relating to the ownership of such property; and the court also had power to order other parties brought in, if deemed by it necessary to a complete determination of the controversy. In the exercise of this power by the state court, and upon application of the appellants herein, the complainant Rodgers was subsequently brought in as a party to the action in the state court; but before this was done he had commenced the action against the appellants in the United States circuit court for the district of Nevada, and that court had acquired jurisdiction over all the parties thereto by the service of its process. After the complainant had been made a party to the action in the state court, the United States circuit court made the order appealed from, restraining the appellants from further proceeding against the complainant in the action pending in the state court. It is the settled rule of law that, as between two courts having concurrent jurisdiction of the subject of an action, the court which first obtains jurisdiction of the controversy has the right to proceed to its final determination without interference from the other. Taylor v. Taintor, 16 Wall. 370, 21 L. Ed. 287; Schuehle v. Reiman, 86 N. Y. 270; Stearns v. Stearns, 16 Mass. 171; Bell v. Trust Co., 1 Biss. 260, Fed. Cas. No. 1,260; Union Mut. Life Ins. Co. v. University of Chicago (C. C.) 6 Fed. 443; Gamble v. City of San Diego (C. C.) 79 Fed. 487. The question, then, which is presented by the record before us, is simply this: Did the United States circuit court or the state court first acquire jurisdiction to finally determine, as between the complainant and the appellants, the question of title to the water and water rights in litigation between them? In the consideration of this question we start with the proposition that the action in the state court was a personal action, and any judgment therein could only bind those actually or constructively parties thereto; that is, parties and those claiming under a party by purchase made after judgment, or during the progress of the litigation, with actual or constructive notice of the pendency of the action. The fact, therefore, that the state court had, at the date of complainant's purchase of the water and water rights in controversy, obtained jurisdiction to determine the title thereto as between the appellants and the grantors of complainant, did not of itself give to that court jurisdiction to proceed in the action pending therein and render a judgment which would bind the complainant, unless, at the time of such purchase, he had actual or constructive notice of the pendency of that action. Now, it is alleged in the petition for injunction that the complainant, when he purchased, and also when he subsequently filed his bill of complaint in the United States circuit court, "had no knowledge and no actual notice" of the prior action pending in the state court between his grantors and the appellants. This allegation, not having been denied, must be taken as true. Unless, therefore, the complainant had constructive notice of the pendency of the action in the state court

at the date of his purchase, and by reason thereof acquired only the rights of a purchaser pendente lite at common law, it must follow that the state court did not, prior to the time he was actually made a party to that action and served with its process, obtain any jurisdiction to render a judgment affecting his title to the property purchased by him. At common law a purchaser of real property involved in a pending action took the same subject to the result of the litigation to which his vendor was party, and was bound by whatever judgment the court might render in respect to his vendor's title. The mere pendency of the action after service of process was, under this law, deemed sufficient to charge the purchaser pendente lite with constructive notice of the litigation. But this rule has been modified by statute in the state of Nevada, and it is to that statute we must look for the purpose of ascertaining whether, at the date of the complainant's purchase, the steps already taken in the action in the state court were such as to charge him with constructive notice of the pendency of that action, and thus give to that court authority to render a judgment which would bind him upon the question of the title of his grantors to the property in controversy. The statute referred to is found in paragraph 3122 of Cutting's Compiled Laws of Nevada, and it is as follows:

"Sec. 27. In an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the property, in that county affected thereby, and the defendant may also in such notice state the nature and extent of the relief claimed in the answer. From the time of filing, only, shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby."

Under this statute purchasers are not charged with constructive notice of the pendency of an action affecting the title to real estate, unless at the date of their purchase there is on file with the recorder of the county in which the property is situated a notice of the pendency of such action. The record does not disclose whether or not, at the date of complainant's purchase, there was on file with the recorder of the proper county a notice of the pendency of the action in the state court. There is certainly no presumption that such a notice was on file at that date. Head v. Fordyce, 17 Cal. 149. If such was the fact, the burden was upon the appellants to show it. Our conclusion is that it must be held, upon the record before us, that the complainant had neither actual nor constructive notice of the pendency of the action in the state court at the date of his purchase, and his rights were unaffected by such action. It follows from this view that, as the complainant, Rodgers, was a nonresident of the state of Nevada, he had the right, notwithstanding the pendency of the action in the state court, to invoke the jurisdiction of the United States circuit court for the purpose of obtaining a judicial determination of the validity of his title to the property purchased by him; and, the United States circuit court

having obtained in such action jurisdiction over the appellants before the complainant was made a party to the action in the state court, it had the right to proceed to a final determination of the controversy between the parties, and in the exercise of that jurisdiction properly enjoined the appellants from further proceeding against the complainant in the action pending in the state court. French v. Hay, 22 Wall. 250, 22 L. Ed. 857; Insurance Co. v. Howell, 24 N. J. Eq. 239. The order is affirmed.