SCATTERGOOD et al. v. AMERICAN PIPE & CONSTRUCTION CO.

Appeal of HITCHCOCK.

(Circuit Court of Appeals, Third Circuit.    March 29, 1918.    Rehearing Denied April 22, 1918.)

No. 2336.

1. COURTS ⬤➡276—UNITED STATES COURTS—DISTRICT FOR BRINGING SUIT—WAIVER OF OBJECTIONS BY APPEARANCE.

   Where a petition for the appointment of a receiver of a foreign corporation was filed in the federal District Court for the state wherein it was doing its principal business, the corporation's voluntary appearance and filing of an answer cured any objections on the ground of want of jurisdiction of its person.

2. CORPORATIONS ⬤➡557(½)—RECEIVER—APPOINTMENT—DISMISSAL OF BILL.

   A bill seeking the appointment of a corporate receiver should be dismissed by the court on its own motion, when it appears that the court is without jurisdiction, regardless of how knowledge of that fact may be acquired.

3. COURTS ⬤➡262(3)—UNITED STATES COURTS—RECEIVER—APPOINTMENT—JURISDICTION.

   A New Jersey corporation, which controlled many subsidiary public service corporations, continuously carried on its principal business in Pennsylvania. Its most important subsidiaries were chartered by that state, and their plants located therein. The New Jersey company became embarrassed and on petition by stockholders a receiver was appointed by the district federal court for Pennsylvania, the appointment being consented to by a majority of the stockholders and creditors. Nearly all of the creditors were residents of Pennsylvania. *Held*, in view of the power exercised by the Pennsylvania state courts, the district court had jurisdiction to appoint a temporary receiver for the purpose of protecting the corporation, its subsidiaries and the public.

4. COURTS ⬤➡263—UNITED STATES COURTS—RECEIVER—ORDER OF APPOINTMENT—JURISDICTION.

   Where the federal District Court had jurisdiction of the subject-matter, warranting the appointment of a receiver of an embarrassed corporation, it had authority to decide all questions arising therein and its rulings could be questioned only by those properly parties.

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. CORPORATIONS ☞556—RECEIVER—INTERVENTION—APPOINTMENT.
 Where the court appointing a receiver of a financially embarrassed corporation had jurisdiction of the subject-matter and the corporation, a stockholder cannot, merely by virtue of his interest as such, intervene and attack the appointment.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Bill by Alfred G. Scattergood and others against the American Pipe & Construction Company, in which a receiver was appointed. Thereafter Charles A. Hitchcock filed a petition in intervention, which was denied, and he appeals. Affirmed.

Horace L. Cheyney and Runyon & Autenrieth, all of New York City, for appellant.

Francis B. Bracken and Walter George Smith, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The following facts—we state them in outline merely—were before the District Judge in December, 1917, when he refused the intervener's petition to dismiss the bill, or to vacate the receiver's appointment:

In September, 1917, the American Pipe & Construction Company, a New Jersey corporation, with an issued capital of $5,000,000, controlled and managed 17 subsidiary companies, and was affiliated with 6 others, all of the 23 being public utility corporations, mainly for the purpose of supplying water to municipalities in several states. It owned all the stock of the subsidiaries, and a substantial amount in each of those affiliated, as well as about $4,000,000 of bonds issued by one or another of these two classes. The management of the subsidiaries had obliged it to assume liabilities, and to make advances, both in large sums. Part of the company's business is to do construction work by contract, and when the bill was filed several contracts were in hand unfinished. Its direct liabilities also were large, and defaults on these and on its contingent liabilities—such as guaranteed bonds—were sure to occur before long. Under conditions then existing in the money market, it could not borrow money or sell its own securities, but if the contracts could be finished considerable profit was likely, and this would help the company to meet its obligations and would benefit its security holders and other creditors. The bill set out these facts and averred that as all the allied companies were public utility corporations, they should be maintained as going concerns so that the public should not lose their services, and, moreover, that to allow creditors to resort to legal process would immediately break up the company's business and sacrifice its assets. Insolvency was not charged, but the plaintiffs, who were two of the stockholders, asked the court to interpose, so that creditors and stockholders might be saved from severe or total loss, and the public might be saved from the loss of service that the company through its subsidiaries was then

furnishing. The directors took action, and this resulted in a voluntary appearance, with an answer admitting the averments of the bill and praying for such a decree as might be just and equitable.

On September 22, 1917, the District Court appointed the company's president as temporary receiver, and a month later (with the approval of a considerable majority of the stockholders, and of a large number of creditors, nearly all the latter being residents of Pennsylvania) made the appointment permanent, authorizing the receiver to take possession of the company's property, to continue the business substantially as before, and to complete the existing contracts of construction with power to borrow money for this purpose. The decree enjoined the company and its officers from interfering with the receiver in carrying out its provisions. On October 31 Charles A. Hitchcock, the appellant, filed a petition averring that he was a stockholder, and had filed a bill in the United States court for the district of New Jersey, wherein he was asking for a receiver under the laws of that state on the ground of the company's insolvency; and he asserted further that as the company's charter was granted by New Jersey the District Court in Pennsylvania had no power to appoint a general receiver. He therefore sought to intervene as a defendant, in order to move for the vacation of the appointment and the dismissal of the bill. To this petition the plaintiffs and the company made answer, denying the court's lack of power to appoint, and averring facts to justify a suit in the Pennsylvania district, namely, the continuous maintenance in Philadelphia of the company's principal business, the chartering by Pennsylvania of its most important subsidiaries and the location of their plants in that state, the residence in Pennsylvania of nearly all the company's creditors, and the request or approval of a majority of its stockholders and creditors that the court below should make the order complained of. The District Court sustained the jurisdiction and refused Hitchcock's petition.

[1-3] That the court below had jurisdiction of the company's person is apparent; whatever objection on that ground may have existed was waived by the voluntary appearance and the answer. Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98. Indeed, the appellant concedes the correctness of this position, and bases his attack mainly on a denial of the court's power over the subject-matter of the bill, namely, the appointment of a receiver for a foreign corporation. We shall assume that the appellant has sufficient standing to urge this objection; and in any event, if in truth there is no jurisdiction of the subject-matter, either the District Court or this court would be bound to take note of that fact (however the knowledge might be acquired), and to dismiss the bill of its own motion. Upon this question we think the silence of the Supreme Court in Trust Co. v. McGeorge may fairly be allowed a good deal of weight. The facts there resemble closely the facts now before us. A New Jersey corporation was sued by a New York plaintiff in the United States court for the Western district of Virginia. The corporation carried on business in Virginia, owned property there, and was the main and substantial defendant, altho two other companies were involved in the litigation. It had voluntarily appeared and con-

sented to the appointment of a receiver, and the effect of the appearance and answer was the question decided; but the jurisdiction of the court over the subject-matter—the appointment of a receiver for a foreign corporation under the circumstances described—was so plainly presented on the surface of the cause that we can scarcely believe it could have been overlooked. Apparently, although the right of the lower court to appoint, where the corporation was properly before it and where the principal business and much of the property were also within the district, was not discussed by the Supreme Court, no one questioned the right either in the court below, or on the appeal. See, also, Lewis v. American Naval Stores Co. (C. C.) 119 Fed. 391.

But, without relying on the inference from these cases, let us consider the question on its merits. Under facts like the foregoing, does a District Court in Pennsylvania have power to appoint a receiver for a foreign corporation? In our opinion the answer should be yes; the reason being that the law of the state as interpreted by its highest tribunal has given that power to the local courts, and therefore according to the established rule a similar power may be exercised by the federal courts within the state. Clark v. Smith, 13 Pet. 195, 10 L. Ed. 123; and citations in 3 Rose's Notes (Rev. Ed.) 399. Among the Pennsylvania cases may be mentioned Bank v. Construction Co., 242 Pa. 269, 89 Atl. 76, where the state courts exercised jurisdiction over a New Jersey corporation "with a principal office in Philadelphia, engaged largely in building railroads and in public contracts," settled its affairs, and wound up its business; and Blum Bros. v. Girard Bank, 248 Pa. 148, 93 Atl. 940, Ann. Cas. 1916D, 609, where the common pleas court appointed receivers for a New Jersey corporation doing a mercantile business in Philadelphia, although the bill averred that the corporation was solvent, being in possession of assets far in excess of its liabilities, but was temporarily embarrassed by reason of a stringent money market and other circumstances. In the latter case the Supreme Court maintains the right to appoint receivers in the case of embarrassed corporations (making no distinction between domestic and foreign), and says:

"The right to appoint receivers has belonged to courts of chancery from a very early time (Power v. Grogan, 232 Pa. 387–394 [81 Atl. 416]). With us it has been uniformly exercised in cases of embarrassed corporations, and this course has had statutory authority, at least, since the Act of June 16, 1836, P. L. 789 (section 13, paragraph V), which confers on the courts of common pleas the supervision and control over corporations. * * * Many of our decisions recognize the right of a court of equity, in a proper case, to appoint receivers for a financially embarrassed trading corporation, and, if it proves insolvent, to distribute the assets for the benefit of creditors and to others ultimately entitled thereto."

[4, 5] We think these references are enough to show that a Pennsylvania court (and therefore a federal court sitting within the state) may entertain a bill to appoint receivers for a corporation financially embarrassed; and, if this be true, the District Court had jurisdiction of the subject-matter of the present bill as well as of the defendant's person. Having thus complete jurisdiction over the cause, it had authority to decide all questions arising therein, and its rulings can be questioned only by those properly parties to the dispute. Among

such parties we do not think the appellant is to be reckoned. The sole ground for his effort to interfere is that he is a stockholder; but, as the company has voluntarily submitted its person and the subject-matter of the suit to a tribunal having jurisdiction in both respects, we do not see by what right a single stockholder relying merely on that character can attack such valid and voluntary action, and can successfully undertake to conduct the proceeding as if he and not the company were the real defendant. For example, much of his argument objects to the bill as if it had been before the court on demurrer.

We do not think our conclusion is in real conflict with Maguire v. Mortgage Co., 203 Fed. 858, 122 C. C. A. 83, where the Court of Appeals for the Second Circuit recognizes that if state statutes "provide for the liquidation of the affairs of corporations through receivers * * * the courts within the appropriate jurisdictions may enforce them." But no such statute was there presented, and this we think sufficiently distinguishes the case now before us.

The order of the District Court is affirmed.