WHEELER et al. v. BADENHAUSEN CO.

(District Court, E. D. Pennsylvania. October 22, 1919. On Petition to Vacate Appointment of Receiver, October 30, 1919.)

No. 1855.

1. COURTS ☞493(3)—CONTROL OF PROPERTY BY RECEIVER TEST OF JURISDICTION BETWEEN COURTS.

Though suit for appointment of receiver of a corporation was begun in a Delaware state court before suit for such purpose was brought in a federal court for Pennsylvania, the appointment of receiver first made by the federal court will not be revoked, and the property turned over to the Delaware receiver, under the rule of comity as between courts of concurrent jurisdiction of the subject-matter of an action, all the corporation's property being in Pennsylvania and New Jersey, and being at the time of appointment of the Delaware receiver, in the possession and control of the federal court for Pennsylvania through its receiver, and of a court for New Jersey through its ancillary receivers, control over the property in controversy being the test of jurisdiction.

2. RECEIVERS ☞14—DISTINCTION BETWEEN RECEIVERSHIP FOR INSOLVENCY AND FOR CONSERVATION AND REHABILITATION.

There is a clear distinction between a receivership on the ground of insolvency and one for conservation of assets and rehabilitation for the benefit of creditors.

3. CORPORATIONS ☞558—INTERESTS TO BE CONSIDERED ON APPLICATION FOR REVOCATION OF APPOINTMENT OF RECEIVER.

Where a corporation, though insolvent under the Delaware rule, because unable to meet its obligations in due course of business, is not insolvent under the rule in Pennsylvania, where its principal office and most of its property is located, it having assets largely exceeding its liabilities, a federal court for Pennsylvania, which at suit for creditors appointed a receiver to conserve its assets and conduct its business, will not revoke its appointment, in favor of receivers appointed by a court of Delaware at suit of a single stockholder; comity not requiring it, and the creditors, whose interests are to be given the greater consideration, opposing it.

On Petition to Vacate Appointment of Receiver.

4. CORPORATIONS ☞558—RIGHT TO QUESTION ELIGIBILITY OF RECEIVER.

Decision on the question of jurisdiction having been against receivers for a corporation appointed by a state court, who petitioned a federal

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court to revoke its appointment of a receiver for the corporation, basing their right to take possession of the property solely on the ground that the state court first acquired jurisdiction, they have no standing to attack the eligibility of the federal court's appointee.

In Equity. Suit by Morris Wheeler and other against the Badenhausen Company. A receiver for defendant was appointed in that suit, and petition for revocation of his appointment is made by receivers appointed for such company by a court of Delaware. Petition denied and dismissed.

Henry J. Scott, of Philadelphia, Pa., for Delaware receivers.

William W. Porter, of Philadelphia, Pa., for receiver Foulkrod.

M. Hampton Todd, of Philadelphia, Pa., for Morris, Wheeler & Co.

Wm. Y. C. Anderson, of Philadelphia, Pa., for United States Shipping Board Emergency Fleet Corporation.

THOMPSON, District Judge. [1] This petition is based upon the well-known rule that, where two courts have concurrent jurisdiction, it is the policy of the law that the jurisdiction of both shall not be concurrently invoked and exercised, and, as between two courts having concurrent jurisdiction of the subject-matter of an action, the court which first obtains jurisdiction has the right to proceed to its final determination without interference from the other. O'Neil v. Welch, 245 Fed. 261, 157 C. C. A. 453; Pitt et al. v. Rodgers, 104 Fed. 387, 43 C. C. A. 600; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287.

The question comes up upon the petition of receivers appointed by the Court of Chancery for Newcastle County, Del. On August 28, 1918, Edgar Kidwell, an alleged stockholder, filed a bill in that court, setting forth that the Badenhausen Company, the defendant corporation, was insolvent; that its affairs were being mismanaged by its president, and its interests endangered by reason of fraudulent and dishonest practices upon his part, with the prospect of injury to creditors, stockholders, and contractors with the company, unless the corporation be taken from the control of its majority stockholders and placed under the supervision of the court; praying that the corporation be adjudged insolvent in that it was unable to meet its obligations in due course of business and that receivers be appointed with authority to continue the business to the extent of completing existing contracts.

To this bill the defendant filed its answer October 31, 1918, denying the charges of improper conduct on the part of the president and insolvency, and setting forth that its assets largely exceeded its liabilities and that it was amply able to meet and was meeting all of its just debts in the due course of business.

Thereafter, on January 20, 1919, a creditors' bill was filed in this court, averring that the Badenhausen Company had offices in the city of Philadelphia, and its business was there conducted; that it was engaged, inter alia, in the manufacture and sale of boilers, marine engines, heaters, separators, condensers, etc., with plants, at which the manufacturing business was conducted, located at Cornwells and Bridgeport, Pa., and at Bound Brook, N. J.; that its assets, includ-

ing real estate, aggregated upwards of $3,000,000, and its liabilities aggregated not in excess of $1,600,000; that by reason of the extraordinary financial conditions due to the war it was unable to provide for the payment of its obligations at that time maturing or about to mature, or to presently convert sufficient of its assets to secure the funds necessary for the prosecution of the present conduct of its business; that there was imminent danger that the property and assets of the company would be taken in execution by its creditors, and thereby values would be sacrificed, and the creditors of the company, whose claims were not yet due, and its stockholders would be greatly prejudiced and suffer loss and injury; that if the business of the company could be temporarily continued under a receivership and its property and assets thus conserved and protected from levy and sale, and existing contracts would be completed or adjusted, the creditors and stockholders thereof would be greatly advantaged and saved from any loss or injury. It was averred that the business had been highly profitable, and an interruption of its business at that time would destroy the values created by large expenditures. It prayed for an injunction restraining the Badenhausen Company from disposing of its assets within the jurisdiction of this court, and that a receiver be appointed to take possession of its assets within the jurisdiction of this court for the purpose of conserving such assets, with authority to continue the business.

On the same day, an answer was filed consenting to the appointment of a receiver as prayed for in the bill. On the same day, a receiver was appointed with authority and direction to take possession of the books, papers, moneys, choses in action, assets, and all other property, real and personal, of the company, within the jurisdiction of this court, for the purpose of conserving the assets of the company, and that the receiver be authorized to continue the business until further order of the court.

On February 7, 1919, a hearing was had before the Chancellor in the Court of Chancery, of Newcastle County, Del., upon bill, answer, and evidence produced. The evidence consisted of a certified copy of the bill, answer, and decree appointing a receiver for the Badenhausen Company in this court. On February 20, 1919, the Chancellor entered a decree, finding, upon the bill, answer, and evidence submitted, that the defendant corporation was insolvent, in that it was unable to pay its debts when and as they became due, appointing receivers and enjoining the company, its president, directors, officers, agents, servants, and attorneys from receiving, collecting, or compromising any debt due or belonging to the company and from paying out, selling, assigning, or transferring any property, estate, moneys, funds, lands, tenements, or effects of any description whatsoever belonging to the company to any person other than the receivers thereby appointed, and commanding that the company, its officers, agents, etc., surrender and hand over to the receivers all property, estate, moneys, funds, assets, books, papers, and documents of every sort belonging to or in the custody, possession, or control of the company, ordering discovery, and authorizing and empowering the receivers to take such proceed-

ings as might be necessary in the courts of any other state or the United States to secure the aid of said courts by the appointment of ancillary receivers or otherwise, in taking possession and charge of the property and assets of the Badenhausen Company.

An appeal from this decree was taken by the Badenhausen Company, upon which the Supreme Court of Delaware affirmed the decree of the Chancellor. 107 Atl. 297. The hearing upon the petition to vacate the appointment of receiver in this court had been continued pending the disposition of the appeal to the Supreme Court of Delaware.

Having due regard to the policy of the law and the rule heretofore stated, the first question which suggests itself is whether the United States District Court for the Eastern district of Pennsylvania and the Court of Chancery of Newcastle County, Del., had such concurrent jurisdiction as to render the appointment of a receiver by this court an interference with the jurisdiction acquired by the Delaware court. The Delaware court had already obtained jurisdiction over the defendant. To the extent, therefore, of having jurisdiction over the defendant, this court and the Delaware court had concurrent jurisdiction. The territorial limits of the jurisdiction of the Newcastle county court over the property of the defendant is restricted by the territorial limits of the state in which that court is established. The territorial limits of this court for the purpose of obtaining jurisdiction and control over the property of the defendant is restricted by the territorial limits of the state of Pennsylvania unless extended to the entire circuit as provided in section 56 of the Judicial Code March 3, 1911 (36 Stat. 1102, c. 231 [Comp. St. § 1038]).

The real estate of the defendant is located within the Eastern district of Pennsylvania. Its personal assets, its principal offices, its books and papers are within the Eastern district of Pennsylvania. Its manufacturing business is conducted partly in this district and partly in the district of New Jersey. As far as jurisdiction over the real estate or property of a fixed nature is concerned, therefore, the jurisdiction of this court and that of the court of Delaware is not concurrent. The pendency of the bill in Newcastle county, Del., had not brought within the control of that court any of the property of the defendant. The cause had not been brought on for hearing, although the bill had been filed many months before that filed in this court. At the time of the appointment of receivers by the Court of Chancery of Newcastle County, Del., this court had in its possession and control, through its receiver, all of the property of the defendant located within the Eastern district of Pennsylvania, and through the appointment of ancillary receivers by the District Court of New Jersey, that court had taken possession and control of the assets of the company within the state of New Jersey.

Control over the property in controversy is the test of jurisdiction. Riggs v. Johnson County, 6 Wall. 166, 18 L. Ed. 768; In re Johnson, 167 U. S. 120, 17 Sup. Ct. 735, 42 L. Ed. 103; O'Neil v. Welch, 245 Fed. 261, 157 C. C. A. 453. Applying this test, this court had custody and control over all the property of the Badenhausen Company prior to

the appointment of receivers by the Delaware court and prior to any action to acquire such control upon the part of that court.

[2, 3] Coming, now, to the remedies to be administered, there is a clear distinction between a receivership on the ground of insolvency and a receivership for conservation of assets and rehabilitation for the benefit of creditors. Scattergood v. American Pipe & Construction Co., 249 Fed. 23, 161 C. C. A. 83. While the finding of insolvency by the Delaware court is accepted with due respect, under the facts appearing in this case the corporation would not be deemed insolvent in Pennsylvania, where the term "insolvency" generally signifies insufficiency of assets when turned into money to discharge existing indebtedness. Mueller v. Fire Clay Co., 183 Pa. 450, 38 Atl. 1009. A receivership for a concern not insolvent in that sense is recognized in Scattergood v. American Pipe & Construction Co., supra, as peculiarly appropriate.

The whole record in this case shows that the interests of creditors whose rights are superior to those of stockholders, and at whose instance the receiver in this district was appointed, ought to be regarded rather than those of the one stockholder at whose suit the receivers were appointed by the court of Delaware. As construed by the courts of Pennsylvania, the corporation is not insolvent, its assets largely exceed its liabilities, its receiver has taken possession, is conducting the business to the satisfaction of creditors and contractors, and the revocation of his appointment is opposed by contractors and others in interest, who have filed answers in the cause.

The bill filed in the Delaware court does not bring the case within the reason of the decision in O'Neil v. Welch, 245 Fed. 261, 157 C. C. A. 453, or Palmer v. Texas, 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435, or McKinney v. Landon, 209 Fed. 300, 126 C. C. A. 266, where the intervention was by the Attorney General on behalf of the governmental authority of the state for the purpose of taking possession of and administering the property in the public interest. I see no sound reason in this case, either because of the rule of comity urged by counsel for the petitioner or because of the interests of the corporation, its creditors, its stockholders, and those concerned in contracts which the receiver is carrying out to relinquish jurisdiction by vacation of the appointment of the receiver and to turn over its property and business to receivers of a foreign jurisdiction.

The prayer of the petition is denied, and the petition is dismissed.

## On Petition to Vacate Appointment of Receiver.

[4] Since filing the opinion in the above matter, the counsel for the petitioners has called attention to the fact that in the opinion the question of the eligibility of John L. Foulkrod, Esq., to be receiver raised in the brief of counsel was not passed upon.

The petition of the receivers appointed by the Court of Chancery of Newcastle County, Del., prays that Mr. Foulkrod's appointment be revoked, and that he be directed to turn over to the petitioners as receivers all the books, papers, documents, property, and assets of the Badenhausen Company. The standing of the petitioners is based sole-

ly upon their alleged right as receivers of the Delaware court to take possession and control of the property of the defendant corporation by reason of that court having first acquired jurisdiction. For the reasons stated in the opinion, this court has declined to relinquish jurisdiction by revoking the appointment of its receiver and ordering him to turn over to the petitioners the property of the defendant. The question of jurisdiction having been decided adversely to the petitioners, they are left without any interest as parties or any standing to attack the eligibility of the receiver appointed by this court. Because the petitioners have no standing as parties to the cause to raise the question, and a decision upon Mr. Foulkrod's eligibility is not germane to the question of jurisdiction, no reference was made in the opinion to the contention in counsel's brief.

The above reasons are now stated at the request of the counsel for the petitioners.